J-S32027-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT WILLIAM JORDAN | : | |
| | : | |
| Appellant | : | No. 1551 MDA 2022 |

Appeal from the PCRA Order Entered October 24, 2022
In the Court of Common Pleas of Bradford County Criminal Division at
No(s):  CP-08-CR-0000979-2013

BEFORE:  DUBOW, J., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY KUNSELMAN, J.:          **FILED: NOVEMBER 6, 2023**

Robert William Jordan appeals *pro se* from the order denying his second petition filed pursuant to the Post Conviction Relief Act ("PCRA").  42 Pa.C.S.A. §§ 9541-46.  We affirm.

As previously summarized:

> The relevant facts and procedural history are as follows. [Jordan's] then-15 year-old daughter reported that [Jordan] had given her drugs and had sexual intercourse with her on numerous occasions during the summer of 2013.  Consequently, the Commonwealth charged [Jordan] with numerous offenses arising from this conduct.  On July 11, 2014, after considering the testimony of witnesses including the victim, a jury convicted [Jordan] of 27 drug and sex offenses.  Following trial, and after holding  a ***Grazier*** hearing, the court entered an Oder vacating the appointment of [trial counsel] and permitted [Jordan] to represent himself.
>
> On October 14, 2014, the sentencing court, with the benefit of a Pre-Sentence Investigation Report, sentenced [Jordan] to an aggregate term of 122 years to 333 years of incarceration.  We affirmed [Jordan's] Judgment of Sentence and our Supreme Court

denied allowance of appeal [on July 19, 2016]. ***Commonwealth v. Jordan***, 134 A.3d 489 (Pa. Super. 2015) (unpublished memorandum), *allocatur denied*, [145 A.3d 163] (Pa. 2016).

***Commonwealth v. Jordan***, 258 A.3d 545 (Pa. Super. 2021), non-precedential decision at 1-2 (footnotes omitted).

On January 3, 2017, Jordan filed a timely *pro se* PCRA petition, and the PCRA court appointed counsel, who filed an amended petition. On September 21, 2017, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss the PCRA petition without a hearing. Jordan filed a *pro se* response in which he requested that the PCRA court appoint new PCRA counsel. The PCRA court appointed new PCRA counsel.

Thereafter, Jordan filed a second amended PCRA petition in which he raised twenty-nine claims. The PCRA court held two evidentiary hearings. By order entered June 4, 2020, the PCRA court dismissed Jordan's second amended PCRA petition. Jordan appealed to this Court in which he raised ten issues. Finding them to lack merit, on June 23, 2021, this Court affirmed the denial of post-conviction relief. ***Jordan***, ***supra***.

On November 22, 2021, Jordan filed the *pro se* PCRA at issue, his second. In this petition, Jordan raised claims of PCRA counsel's ineffectiveness. On June 23, 2022, the PCRA court issued Rule 907 notice to dismiss Jordan's second petition as meritless. Jordan filed a *pro se* response. By order entered October 24, 2022, the PCRA court denied Jordan's second petition. This timely appeal followed. The PCRA court did not require Rule 1925(a) compliance.

Jordan raises the following four issues on appeal:

[1.] The [trial] court abused its discretion when it sentenced [Jordan] to 122-322 years, thus violating [his] 8th Amendment right under the U.S. Constitution and through the 14th Amendment of the Pennsylvania Constitution and all PCRA counsel was ineffective for failing to brief, argue and/or point to pertinent legal authorities.

[2.] Trial counsel was ineffective for failing to object to Commonwealth Exhibit (2) going out to the jury during deliberations in violation of Pa.R.Crim.P. 646(c) and PCRA counsel was ineffective for failing to brief, argue and point to pertinent legal authorities during PCRA proceedings and in the [appellate brief] filed with the Pa. Superior Court on appeal from the denial of the PCRA petition.

[3.] Trial counsel was ineffective for failing to object to the faulty jury instructions on the (10) counts of incest and PCRA counsel was also ineffective for failing to [brief], argue, and point to pertinent legal authorities during the PCRA proceedings and to the Pa. Superior Court on appeal.

[4.] The Commonwealth violated [Jordan's] U.S. constitutional right to due process and the court violated [his] U.S. constitutional right not to be put in double jeopardy and PCRA counsel was ineffective for failing to brief, argue, and point to pertinent legal authorities during the PCRA proceedings and to the Pa. Superior Court on appeal.

Jordan's Brief at viii-ix (excess capitalization omitted).

Jordan challenges the denial of his most recent attempt to obtain post-conviction relief. Using the applicable standard of review, we must determine whether the ruling of the PCRA court is supported by the record and is free of legal error. *Commonwealth v. Blakeney*, 108 A.3d 739, 749-50 (Pa. 2014) (citations omitted). We apply a *de novo* standard of review to the PCRA court's legal conclusions. *Id.*

Before addressing Jordan's substantive issues, we must first determine whether Jordan's was untimely filed, and whether he established an exception to the PCRA's time bar.

The timeliness of a post-conviction petition is jurisdictional. *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013). Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, that an exception to the time bar is met.

The three narrow statutory exceptions to the one-year time bar are as follows: "(1) interference by government officials in the presentation of the claim; (2) newly discovered facts; and (3) an after-recognized constitutional right." *Commonwealth v. Brandon*, 51 A.3d 231, 233-34 (Pa. Super. 2012) (citing 42 Pa.C.S.A. § 9545(b)(1)(i-iii)). In addition, exceptions to the PCRA's time bar must be pled in the petition and may not be raised for the first time on appeal. *Commonwealth v. Burton*, 936 A.2d 521, 525 (Pa. Super. 2007); *see also* Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal). Moreover, a PCRA petitioner must file his petition "within one year of date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

Finally, if a PCRA petition is untimely and the petitioner has not pled and proven an exception "neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal

- 4 -

authority to address the substantive claims." ***Commonwealth v. Derrickson***, 923 A.2d 466, 468 (Pa. Super. 2007) (citation omitted).

Here, Jordan's judgment of sentence became final on October 17, 2016, ninety days after our Supreme Court denied his *allocatur* petition and the time for filing a writ of *certiorari* with the United States Supreme Court expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3); U.S. Sup.Ct. 13. Therefore, Jordan had one year in which to file a timely PCRA petition. Because Jordan filed the petition at issue in 2021, it is patently untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions to the PCRA's time bar applies. ***See Hernandez***, ***supra***.

Jordan has not acknowledged that his second petition is untimely and therefore has not addressed any of the time-bar exceptions. It appears that both Jordan and the PCRA court are of the belief that a claim of PCRA counsel's ineffectiveness can be raised in a serial petition.[1] Pertinent case law holds otherwise.

Although not cited by Jordan, our Supreme Court's decision in ***Commonwealth v. Bradley***, 261 A.3d 381, 401 (Pa. 2021), belies his claim. In ***Bradley***, the High Court held "that a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise

---

[1] In its brief, the Commonwealth acknowledges that Jordan's second petition is untimely but noted that the PCRA court addressed the merits of Jordan's substantive issues. Commonwealth's Brief at 1. It then briefly explains why Jordan's issues are either previously litigated or waived under the PCRA. ***See*** 42 Pa.C.S.A. § 9544.

claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." However, the **Bradley** Court noted that its decision did not create an exception to the PCRA's jurisdictional time-bar and that the "new rule allows PCRA counsel ineffectiveness claims to be raised on collateral appeal, rather than in a serial PCRA petition." **Id.** at 406 (Dougherty, J., concurring).

Moreover, this Court has since held that "[n]othing in **Bradley** creates a right to file a second PCRA outside the PCRA's one-year time limit as a method of raising ineffectiveness of PCRA counsel or permits recognition of such a right." **Commonwealth v. Stahl**, 292 A.3d 1130, 1136 (Pa. Super. 2023). The **Stahl** court clarified that "our Supreme Court in **Bradley** unambiguously **rejected** the filing of a successive untimely PCRA petition as a permissible method of vindicating the right to effective representation by PCRA counsel." **Id.** Therefore, **Bradley** does not excuse the facial untimeliness of Jordan's second PCRA petition.

In sum, because Jordan's second PCRA petition was untimely, the PCRA court lacked jurisdiction to consider his substantive issues. **Derrickson**, **supra**. We likewise lack jurisdiction to consider them. **Id.** We therefore affirm the PCRA court's order denying Jordan post-conviction relief.[2]

Order affirmed.

---

[2] The Superior Court may affirm on any basis. **Commonwealth v. Kennedy**, 151 A.3d 1117, 1127 n.14 (Pa. Super. 2016).

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/06/2023